1 | Randy Renick, Esq. [S.B. # 179652]
rrr@hskrr.com
2 | Cornelia Dai, Esq. [S.B. #207435]
cdai@hskrr.com
3 | Reem Salahi, Esq. [S.B. #259711]
reem@hskrr.com
4 | HADSELL STORMER KEENY
RICHARDSON AND RENICK LLP
5 | 128 North Fair Oaks Avenue
Pasadena, California 91103-3664
6 | Telephone: (626) 585-9600
Facsimile: (626) 577-7079
7 |
8 | Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

KRISTI RICHARDS, JOSH STERN, and
JORGE INIESTRA on behalf of
themselves and all others similarly
situated;

        Plaintiffs,

        v.

THE WALT DISNEY COMPANY,
WALT DISNEY PARKS AND
RESORTS U.S., INC. AND DOES 1-10;

        Defendants.

Case No:

**SACV11-00298** CJC (AGRx)

**CLASS ACTION**

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

  1. Violation of California Civil Code Section 1798.85

  2. Violation of California Business & Professions Code Section 17200, et seq.

  3. Violation of California Constitution Art. I, § 1

  4. Common Law Invasion of Privacy

**DEMAND FOR JURY TRIAL**

1

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURISDICTION AND VENUE

1.      This is a class action lawsuit filed pursuant to the California Civil Code. The Court has jurisdiction under 28 U.S.C. § 1332 (a)(1) (diversity) and 28 U.S.C. § 1332 (d)(2) (Class Action Fairness Act). There are more than 100 class members. Both the named plaintiffs and many, if not all, of the putative class members are citizens of California and one of the Defendants is not a citizen of California. Aggregate damages exceed $5,000,000, exclusive of fees and costs. Venue lies in the Central District of California, the judicial district in which one Defendant resides and in which a substantial part of the events or omissions giving rise to the claims occurred, pursuant to 28 U.S.C. § 1391(a-c).

2.      Plaintiffs bring this action against Defendants The Walt Disney Company and Walt Disney Parks and Resorts U.S., Inc., and Does 1-10 (collectively "Defendants") for: compensatory damages, restitution, penalties, declaratory and injunctive relief, punitive damages, costs, attorneys' fees and other appropriate and just relief resulting from Defendants' unlawful conduct and unfair business practices, and as grounds therefore allege:

## PARTIES

3.      Plaintiff Kristi Richards is currently employed by Defendants and has been employed by Defendants since November 2003. At present, Ms. Richards works full-time at the Grand California Hotel as a room service cashier. She is a citizen and resident of Los Angeles County in the state of California.

4.      Plaintiff Josh Stern is currently employed by Defendants and has been employed by Defendants since June 2002. Mr. Stern works as a part-time bell clerk at the Disneyland Hotel. His duties include answering phones at the bell desk, assisting guests with luggage and packages, overseeing wheelchair rentals, and shipping and receiving packages including overnight guest packages. He is a citizen and resident of the County of Orange in the state of California.

5.      Plaintiff Jorge Iniestra is currently employed by Defendants and has been

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

1   employed by Defendants since November 1997. Mr. Iniestra works as a full-time bell

2   captain at the Disneyland Hotel. His duties include answering phones at the bell desk,

3   assisting guests with luggage and packages, overseeing wheelchair rentals, shipping and

4   receiving packages including overnight guest packages, assisting the manager with

5   supervision of the bell service staff, and addressing customer complaints. He is a citizen

6   and resident of the County of Orange in the state of California.

7       6.      Plaintiffs and all members of the Plaintiff Class, as defined below, are,

8   were, or will be employed by the Defendants, within the state of California during the

9   relevant statutory period.

10      7.      Plaintiffs bring their claims on behalf of a class ("Plaintiff Class") which

11  consists of all current, former, and future employees employed by The Walt Disney

12  Company, Walt Disney Parks and Resorts U.S., Inc., and Does 1-10 ("Defendants") at

13  any time in the state of California between February 22, 2007 and the present. These

14  current, former, and future employees received a Disney identification card which

15  contained their social security number within the barcode imprinted in the card.

16      8.      Plaintiffs also bring this action on behalf of themselves, the general public,

17  and all others similarly situated pursuant to Business and Professions Code § 17200, *et*

18  *seq.*

19      9.      Defendants The Walt Disney Company, Walt Disney Parks and Resorts

20  U.S., Inc., and Does 1-10 (hereafter "Disney" or "Defendants") conduct business within

21  the County of Orange, California. Defendant The Walt Disney Company is incorporated

22  in Delaware and its principle place of business is in Los Angeles County, California.

23  Defendant Walt Disney Parks and Resorts U.S., Inc. is incorporated in Delaware and its

24  principle place of business is in Florida.

25      10.     Plaintiffs are ignorant of the true names and capacities of Defendants sued

26  herein as DOES 1 through 10, and therefore sue these Defendants by such fictitious

27  names and capacities. Plaintiffs will seek leave to amend this complaint to allege the

28  true names and capacities of said fictitiously-named Defendants once they have been

2

1  ascertained.  Plaintiffs are informed and believe, and on that basis allege, that at all

2  relevant times, each of the fictiously-named Defendants was an agent or employee of

3  the named Defendants and/or was acting within the course and scope of said agencies or

4  employment at the time of the events herein alleged, and/or was acting directly or

5  indirectly in the interest of Defendants in relation to Plaintiffs and the Plaintiff Class.

6  Plaintiffs are further informed and believe and on that basis allege that each of the

7  fictiously-named Defendants aided and assisted the named Defendants in committing

8  the wrongful acts alleged herein, and that Plaintiffs' damages, as alleged herein, were

9  proximately caused by such Defendants.  To the extent that the conduct and omissions

10  alleged herein were perpetrated by one or more Defendants, the remaining Defendants

11  confirmed and ratified said conduct and omissions.

12      11.    Plaintiffs are informed and believe and thereupon allege that at all times

13  material herein, each Defendant named herein, including DOES 1 through 10, acted as

14  the agent, joint venturer, representative, or alter ego of or for the other Defendants, and

15  all aided and abetted the wrongful acts of the others.

16                              **STATEMENT OF FACTS**

17      12.    Throughout the relevant statutory period, Plaintiffs and all members of the

18  Plaintiff Class are and/or were employees of Defendants who received identification

19  cards from the Defendants which contained the employees' confidential information

20  including their social security number.

21      13.    Kristi Richards is presently employed by Defendants as a room service

22  cashier at the Grand California Hotel, and has been employed at Disney since November

23  2003.  Ms. Richards received her identification card at the start of her employment, and

24  uses it on a routine basis while at work.  Ms. Richards, like other members of the

25  Plaintiff Class, uses her identification card several times per day to, among other things:

26  clock in and out of her breaks; obtain keys for storage closets; place food orders; gain

27  entry into restricted areas, including parking lots; obtain employee, parking, and

28  corporate discounts; and purchase goods or services from Defendants and other vendors.

3

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

1  Ms. Richards, like other members of the Plaintiff Class, has been placed on notice that

2  she must produce the identification card upon request by security.

3        14.    Josh Stern is presently employed by Defendants as a bell clerk at the

4  Disneyland Hotel, and has been employed at Disney since June 2002. Mr. Stern received

5  his identification card at the start of his employment, and uses it on a routine basis while

6  at work. Mr. Stern, like other members of the Plaintiff Class, uses his identification card

7  several times per day to, among other things: clock in and out of his breaks; obtain keys

8  for storage closets; place food orders; gain entry into restricted areas, including parking

9  lots; obtain employee, parking, and corporate discounts from third party providers like

10  Verizon; and purchase goods or services from Defendants and other vendors. Mr. Stern,

11  like other members of the Plaintiff Class, has been placed on notice that he must produce

12  the identification card upon request by security.

13        15.    Jorge Iniestra is presently employed by Defendants as a bell captain at the

14  Disneyland Hotel, and has been employed at Disney since November 1997. Mr. Iniestra

15  received his identification card at the start of his employment, and uses it on a routine

16  basis while at work. Mr. Iniestra, like other members of the Plaintiff Class, uses his

17  identification card several times per day to, among other things: clock in and out of his

18  breaks; obtain keys for storage closets; place food orders; gain entry into restricted areas,

19  including parking lots; obtain employee, parking, and corporate discounts from third

20  party providers like Verizon; and purchase goods or services from Defendants and other

21  vendors. Mr. Iniestra, like other members of the Plaintiff Class, has been placed on

22  notice that he must produce the identification card upon request by security.

23        16.    The barcode of Plaintiffs' and the Plaintiff Classes' identification cards

24  contain their social security numbers, which may be easily interpreted by a barcode

25  scanner, such as those found or installed on many mobile telephones, including the

26  Apple iPhone and those using the Droid operating system. A barcode is an optical

27  machine-readable representation of data that shows data about the object to which it

28  attaches, including, but not limited to, charges for purchases, destinations for letters, and

1   in the case at hand, Plaintiffs' and Plaintiff Classes' social security numbers.

2        17.   Defendants negligently maintain possession of former employees'

3   identification cards with their encoded social security numbers. These cards are stacked

4   on managerial desks and can be easily stolen or misappropriated.

5        18.   Defendants have been aware of the problem for more than three years.

6   Approximately three years ago, security guards employed by Defendants discovered that

7   the social security numbers were visible after a barcode scan of an employee's

8   identification card. On another occasion, Plaintiff Josh Stern advised two managers at

9   the Disneyland Hotel that his social security number was discernable through a barcode

10   scanner. He then scanned his barcode and demonstrated to the managers that his social

11   security number appeared. Defendants simply told Mr. Stern, "Don't lose your ID." No

12   corrective action was taken.

13        19.   As a result of Defendants' unlawful conduct, Plaintiffs and the Plaintiff

14   Class have suffered emotional distress, invasion of privacy, and Plaintiffs continue to be

15   concerned that their social security numbers may have already been misappropriated

16   without their knowledge, and that harm may accrue to them in the future. This concern

17   will persist even if the situation is corrected through injunctive relief.

18        20.   On information and belief, at all times material herein, Defendants have

19   failed to establish any system or taken any steps to ensure the privacy of the Plaintiffs

20   and Plaintiff Class.

21                                       **CLASS ALLEGATIONS**

22        21.   <u>Proposed Class and Nature Of The Class Claims.</u> The named Plaintiffs, as

23   Class Representatives, bring this action on their own behalf and on behalf of a class

24   comprised of all current, former, and future employees employed by The Walt Disney

25   Company, Walt Disney Parks and Resorts U.S., Inc., and Does 1-10 at any time in the

26   state of California between February 22, 2007 and the present and received a Disney

27   identification card which contained their social security number within the barcode

28   imprinted in the card.

**COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF**

1     22.   Numerosity. The size of the Plaintiff Class makes a class action both
2   necessary and efficient.  On information and belief, Plaintiffs estimate that the Plaintiff
3   Class consists of more than 20,000 current and former employees, and an indefinite
4   number of future employees.  The identities, addresses and precise number of members
5   of the Plaintiff Class are ascertainable from Defendants' records but are so numerous that
6   joinder is impracticable.  The Plaintiff Class includes future class members whose
7   joinder is now inherently impossible.

8     23.   Typicality. The claims of the Class Representatives are typical of the claims
9   of the class as a whole.  The Class Representatives are employed by Defendants and
10  must use their identification cards on a regular basis in the course of their employment at
11  Disney.  The unlawful policies and practices that have operated to deny the Class
12  Representatives their right to privacy and caused them to worry that their social security
13  numbers may be - or may already have been - misappropriated.

14    24.   Common Questions Of Law And Fact. This case poses common questions
15  of law and fact affecting the rights of all Plaintiff Class members, including but not
16  limited to:  whether Defendants' conduct violated California Civil Code § 1798.85;
17  whether Defendants' conduct violated California Business and Professions Code §
18  17200, et. seq.; whether Defendants' conduct violated the California Constitution;
19  whether Defendants' conduct violated the common law right to privacy; what relief is
20  necessary to remedy Defendants' unfair and unlawful conduct as alleged herein; and
21  other questions of law and fact.

22    25.   Adequacy Of Class Representation. The Class Representatives can
23  adequately and fairly represent the interests of the Plaintiff Class as defined above,
24  because their individual interests are consistent with, and not antagonistic to, the
25  interests of the Class.

26    26.   Adequacy Of Counsel For The Class. Counsel for the Plaintiff Class
27  possess the requisite resources and ability to prosecute this case as a class action and are
28  experienced civil rights, labor, and employment attorneys who have successfully

6

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

1   litigated other cases involving similar issues.

2       27.   Propriety of Class Action Mechanism. Class certification is appropriate

3   because Defendants have implemented a scheme which is generally applicable to the

4   Plaintiff Class, making it appropriate to issue final injunctive relief and corresponding

5   declaratory relief with respect to the class as a whole. Class certification is also

6   appropriate because the common questions of law and fact predominate over any

7   questions affecting only individual members of the class. Further, the prosecution of

8   separate actions against Defendants by individual class members would create a risk of

9   inconsistent or varying adjudications which would establish incompatible standards of

10   conduct for Defendants. For all these and other reasons, a class action is superior to

11   other available methods for the fair and efficient adjudication of the controversy set forth

12   in this complaint.

13                    **FIRST CAUSE OF ACTION**

14            **CLASS ACTION CLAIM FOR VIOLATION OF**

15             **CALIFORNIA CIVIL CODE § 1798.85**

16                   **(AGAINST ALL DEFENDANTS)**

17       28.   Plaintiffs re-allege and incorporate by reference the allegations contained in

18   paragraphs 1 through 27 above.

19       29.   The Class Representatives and all members of the Plaintiff Class are, were,

20   or will be employed by Defendants in which identification badges are used routinely and

21   required to be exposed in open view on a regular basis.

22       30.   At all relevant times, Defendants failed to conform their practices to the

23   requirements of California Civil Code § 1798.85.

24       31.   Section 1798.85(a)(1) of the California Civil Code makes it unlawful to

25   "[p]ublicly post or publicly display in any manner an individual's social security

26   number." The same section goes on to specify that "'publicly post' or 'publicly display'

27   means to intentionally communicate or otherwise make available to the general public."

28       32.   Section 1798.85(a)(2) of the California Civil Code makes it unlawful to

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

1  "[p]rint an individual's social security number on any card required for the individual to

2  access products or services provided by the person or entity."

3      33.   Section 1798.85(f) provides: "[a] person or entity may not encode or embed

4  a social security number in or on a card or document, including, but not limited to, using

5  a barcode, chip, magnetic strip, or other technology, in place of removing the social

6  security number, as required by this section."

7      34.   Defendants violated each of these sections, by encoding the Plaintiffs' and

8  Plaintiff Classes' social security numbers in a barcode on their identification cards,

9  which were publically visible on a regular basis.  Specifically, the identification cards

10  were needed to clock in and out of breaks; obtain keys for storage closets; place food

11  orders; gain entry into restricted areas, including parking lots; obtain employee, parking,

12  and corporate discounts; and purchase goods or services from Defendants and other

13  vendors.

14      35.   Defendants committed the acts alleged herein maliciously with the wrongful

15  intention of reducing business expenses in spite of the clear risk created to Plaintiff Class

16  from an improper motive amounting to malice, and in conscious disregard of their rights.

17  Plaintiffs and the Plaintiff Class are thus entitled to recover punitive damages from

18  Defendants in amounts to be proven at trial.

19                          **SECOND CAUSE OF ACTION**

20                          **UNFAIR BUSINESS PRACTICES**

21                       **IN VIOLATION OF CALIFORNIA BUSINESS AND**

22                  **PROFESSIONS CODE SECTIONS 17200, *ET SEQ.***

23                          **(AGAINST ALL DEFENDANTS)**

24      36.   Plaintiffs re-allege and incorporate by reference the allegations contained in

25  paragraphs 1 through 35 above.

26      37.   This claim is brought by the Class Representatives on behalf of themselves,

27  the Plaintiff Class, and the general public, pursuant to Business and Professions Code

28  § 17200, *et seq.*  Defendants' conduct as alleged herein has been, and continues to be an

                                                    COMPLAINT FOR DAMAGES
                                                    AND INJUNCTIVE RELIEF

1  unfair, unlawful, and fraudulent business practice which has been and continues to be
2  deleterious to Plaintiffs and to those similarly situated and to the general public.
3  Business and Professions Code § 17200, *et seq.* prohibits unlawful, unfair, and
4  fraudulent business practices. Plaintiffs seek to enforce important rights affecting the
5  public interest within the meaning of California Code of Civil Procedure § 1021.5.

6      38.    Plaintiffs are a "person" within the meaning of Business and Professions
7  Code § 17204, with standing to bring this suit for injunctive relief, restitution, and other
8  appropriate equitable relief on behalf of all similarly-situated employees and on behalf of
9  the general public.

10     39.    California Civil Code § 1798.85 sets forth the public policy of this state to
11  enforce privacy of social security numbers vigorously, and to ensure that employers do
12  not gain a competitive advantage by relaxing privacy standards to reduce expenses.

13     40.    Through the conduct alleged herein, Defendants have acted contrary to
14  these public policies, have violated specific provisions of the California Civil Code, and
15  have engaged in other unlawful and unfair business practices in violation of Business
16  and Professions Code § 17200, *et seq.*, depriving the Plaintiffs, members of the Plaintiff
17  Class, and other interested persons of rights, benefits, and privileges guaranteed to all
18  people in California.

19     41.    At all times relevant to this action, Defendants have committed unfair and
20  unlawful business practices within the meaning of Business & Professions Code
21  § 17200, *et seq.* by engaging in conduct which includes, but is not limited to, encoding
22  the social security numbers of Plaintiffs and Plaintiff Class on the back of their
23  identification badges within barcodes, which put the numbers at risk of misappropriation.

24     42.    As a direct and proximate result of these unfair business practices, Plaintiffs
25  and Plaintiff Class have or will suffer emotional and financial costs and Defendants have
26  minimized expenditures.

27     43.    Plaintiffs are entitled to, and hereby seek such relief as may be necessary to
28  compensate for identity theft as a consequence of Defendants' unlawful and unfair

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

1    business practices.  In 2009, over eleven million people in the United States had their

2    identities stolen, with an average annual loss to identity fraud victims of $4,841.  *See*

3    Robert Vamosi, Et. Al., Javelin Strategies, 2010 Identity Fraud Survey Report: Identity

4    Fraud Continues to Rise – New Accounts Fraud Drives Increase; Consumer Costs at an

5    All-Time Low at 8, (Feb. 2010) https://www.javelinstrategy.com/uploads/files/

6    1004.R_2010IdentityFraudSurveySampleReport.pdf.  Where the identity was stolen by a

7    coworker, family member, or friend, who could supplement the stolen information with

8    additional information obtained by proximity to the victim, the average loss was

9    $11,827. *Id* at 48.  As Plaintiffs' and Class Members' social security numbers were

10   encoded in their identification cards, there is a high likelihood that their identities may

11   be stolen by coworkers, costing them on average $11,827 each per year.

12          44.    Plaintiffs are entitled to the costs of credit monitoring and fraud insurance.

13   Identity fraud can be discovered early through credit monitoring.  Credit monitoring

14   further protects subsequent identity fraud by the same perpetrator and increases the

15   chances of catching the perpetrator.  Credit monitoring and fraud insurance will increase

16   Plaintiffs' and Class Members' opportunity of early detection of their identity theft and

17   will significantly reduce the resultant damages.

18          45.    Pursuant to Business and Professions Code § 17203, injunctive relief is

19   necessary to prevent Defendants from continuing to engage in unfair business practices

20   as alleged herein.  Defendants, and persons acting in concert with them, have done, are

21   now doing, and will continue to do or cause to be done, the above-described unlawful

22   acts unless restrained and enjoined by this Court.  Unless the relief prayed for below is

23   granted, a multiplicity of actions will result.  Further, pecuniary compensation alone

24   would not afford adequate and complete relief.  The above-described acts will cause

25   great and irreparable damage to Plaintiffs and the general public if injunctive relief is not

26   granted.

27   / / /

28   / / /

**COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF**

## THIRD CAUSE OF ACTION

### California Constitution Art. I, § 1

### (Against All Defendants)

46.    Plaintiffs re-allege and incorporate by reference all the allegations in paragraphs 1 though 45 above.

47.    Plaintiffs maintained at all times relevant to this action, a specific, legally protected privacy interest.  That interest is to be free from disclosure of private information, including actions that make a barcode containing one's social security number publicly visible.

48.    Plaintiffs had a reasonable expectation of privacy while using their identification badges, which were required for employment by Defendants.

49.    The Defendants' conduct, as alleged herein, constitutes an egregious breach of social norms underlying the privacy right and a serious invasion of Plaintiffs' privacy.

50.    Defendants, by encoding Plaintiffs' social security numbers in a barcode on their identification badges, invaded said privacy right as protected by the Constitution of the State of California, Article I, Section 1.

51.    As a result of the aforementioned acts, Plaintiffs were injured as set forth above and are entitled to compensatory damages against all Defendants.

52.    Defendants acted willfully and maliciously, by failing to remove Plaintiffs' social security numbers from their identification badges even after Defendants were notified and reminded of the fact that the badges improperly contained employees' social security numbers; thus Plaintiffs are entitled to punitive damages.

## FOURTH CAUSE OF ACTION

### Common Law Invasion of Privacy

### (Against All Defendants)

53.    Plaintiffs re-allege and incorporate by reference all the allegations in paragraphs 1 through 52 above.

54.    During the relevant time period, Plaintiffs had a reasonable expectation of

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

1   privacy while using their identification badges in the workplace.  Plaintiffs' privacy

2   interest is one recognized by the relative customs of the time and place, the occupation of

3   the Plaintiffs and the habits of society.

4        55.    Plaintiffs have a right to avoid disclosure of confidential personal

5   information, including their social security numbers.

6        56.    Defendants' actions were unreasonable and highly offensive to the

7   Plaintiffs, and to the senses of ordinary persons.  Defendants' conduct contravenes all

8   boundaries of decency and standards of a civilized society.

9        57.    Defendants, by placing Plaintiffs and Plaintiff Classes' social security

10  numbers on identification cards in a format that may be easily read, are liable to

11  Plaintiffs and Plaintiff Class under the laws of the State of California.

12       58.    As a result of the aforementioned acts, Plaintiffs were injured as set forth

13  above and are entitled to compensatory damages against all Defendants.

14                             **PRAYER FOR RELIEF**

15  WHEREFORE, Plaintiffs respectfully pray that this Court award relief as follows:

16  1.    An order certifying this case as a class action and appointing Plaintiffs and

17        their counsel to represent the Class;

18  2.    Injunctive relief;

19  3.    Compensatory damages;

20  4.    Punitive damages;

21  5.    Reasonable attorneys' fees and costs under California Code of Civil

22        Procedure § 1021.5;

23  / / /

24  / / /

25  / / /

26

27

28

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

1    6.    Interest accrued on damages and penalties;

2    7.    Such other and further relief as the Court deems just and proper.

3

4    DATED:  February 22, 2011              Respectfully submitted,

5                                          HADSELL, STORMER, KEENY,
                                           RICHARDSON & RENICK, LLP
6

7                                          By
8                                             Cornelia Dai
                                           Attorneys for Plaintiffs
9

10

11                          **JURY TRIAL DEMAND**

12        Plaintiffs hereby demand a jury trial on all issues so triable.

13

14   DATED:  February 22, 2011              Respectfully submitted,

15                                          HADSELL, STORMER, KEENY,
                                           RICHARDSON & RENICK, LLP
16

17                                          By
18                                             Cornelia Dai
                                           Attorneys for Plaintiffs
19

20

21

22

23

24

25

26

27

28

13                          **COMPLAINT FOR DAMAGES
                            AND INJUNCTIVE RELIEF**

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Kristi Richards, Josh Stern, and Jorge Iniestra, on behalf of themselves and all others similarly situated. | The Walt Disney Company<br>Walt Disney Parks and Resorts U.S., Inc.<br>Does 1 -10 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Randy Renick [SB#179652] / Cornelia Dai [SB#207435] /<br>Reem Salahi [SB#259711] - Hadsell Stormer Keeny Richardson & Renick, LLP,<br>128 N. Fair Oaks Ave., Pasadena, CA 91103, (626) 585-9600 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)

☒1 Original Proceeding  ☐2 Removed from State Court  ☐3 Remanded from Appellate Court  ☐4 Reinstated or Reopened  ☐5 Transferred from another district (specify):  ☐6 Multi-District Litigation  ☐7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒Yes  ☐No   ☐**MONEY DEMANDED IN COMPLAINT: $** according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. § 1332 (a)(1) (diversity) and 28 U.S.C. § 1332 (d)(2) (Class Action Fairness Act); class action for privacy violations of state law

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☒ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

## SACV11-00298

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Kristi Richards - Los Angeles County<br>Josh Stern - Orange County<br>Jorge Iniestra - Orange County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| The Walt Disney Company - Los Angeles County | Walt Disney Parks and Resorts U.S., Inc. - Florida |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
<u>Note: In land condemnation cases, use the location of the tract of land involved.</u>

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date February 22, 2011

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney  and the assigned discovery Magistrate Judge is Alicia G.  Rosenberg.

The case number on all documents filed with the Court should read as follows:

## SACV11- 298 CJC (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY



Randy Renick, Esq. [S.B. #179652]
Cornelia Dai, Esq. [S.B. #207435]
Reem Salahi, Esq. [S.B. #259711]
Hadsell Stormer Keeny Richardson & Renick, LLP
128 N. Fair Oaks Avenue
Pasadena, CA 91103 (626) 585-9600

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Kristi Richards, Josh Stern, and Jorge Iniestra, on
behalf of themselves and all others similarly situated,

PLAINTIFF(S)

v.

The Walt Disney Company, Walt Disney Parks and
Resorts U.S., Inc., and Does 1 -10;

DEFENDANT(S).

CASE NUMBER

**SACV11-00298** CJC (AGRx)

**SUMMONS**

TO:   DEFENDANT(S): The Walt Disney Company, Walt Disney Parks and Resorts U.S., Inc.,
Does 1 - 10;

A lawsuit has been filed against you.

Within   21   days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer
or motion must be served on the plaintiff's attorney, Randy Renick, Esq./Cornelia Dai, Esq. , whose address is
Hadsell Stormer Keeny Richardson & Renick 128 N. Fair Oaks Ave. Pasadena,CA 91103 . If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint. You also must file
your answer or motion with the court.

Clerk, U.S. District Court

Dated:   FEB 2 2 2011

By: _____
   JULIE PRADO
   SEAL
   Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed
60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                        SUMMONS